JAMES T. WHITE & CO. v. CORBIN.

(Supreme Court, Appellate Term.    January 25, 1904.)

1. SALES—SET OF BOOKS—PORTRAIT OF PURCHASER—AGREEMENT TO PUBLISH—ACTION FOR PRICE.

Defendant agreed to purchase of plaintiff a work in 12 volumes, and to pay for each volume as delivered, and plaintiff agreed to publish a sketch and portrait of defendant. *Held*, that plaintiff could recover for 11 volumes delivered, though no sketch or portrait had been published, as the twelfth volume, not then published, might contain them.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by James T. White & Co. against Henry C. Corbin. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Johnston & Benedict (E. S. Benedict, of counsel), for appellant. William E. Hills, for respondent.

DAVIS, J. This action is based upon a written contract for the purchase by defendant from plaintiff's assignor of a certain work known as the "National Cyclopædia of American Biography," to consist of 12 volumes. The agreed price was $10 a volume, payable as each volume was issued and delivered to defendant. By the terms of the contract plaintiff's assignor agreed to publish in one of the "forthcoming volumes" of the work a marginal vignette portrait of

the defendant, together with his biography.    At the time the contract was made 11 volumes of the work had been published, and these were shipped by the plaintiff, who had succeeded to the rights of the original publisher, to the defendant, who, after an examination, refused to accept them, and returned the volumes to the defendant.    Though several reasons were assigned in the defendant's answer for his refusal to accept the books, upon the trial the only reason proven was that they referred to but one of his colleagues in the general staff of the army, and to but one of his predecessors in the adjutant general's office, and that they did not contain a sketch or anything that he immediately wanted.    Obviously, this does not constitute a valid defense to the plaintiff's cause of action, and would not justify the defendant in his refusal to perform his part of the contract upon the delivery of the 11 volumes by plaintiff.    These volumes were delivered to the defendant, and he is liable for their price under the terms of the contract.    The twelfth volume was not published at the time of the trial, and, as the whole work was to consist of 12 volumes, the biography and portrait of the defendant may yet be published.    Until it has been published, the defendant cannot raise any objection that the plaintiffs have not complied with the terms of their contract by a failure to publish a sketch of his life and a portrait.    Furthermore, the twelfth volume, when issued, may possibly contain the biographies of his predecessors in office and of his colleagues on the general staff, and thus fully answer his criticism of the work.    Under the circumstances the defendant failed to justify his refusal to accept the volumes and pay for them as he agreed.    He entered into the contract with full knowledge of the terms, and therefore must perform it, and pay for each volume when delivered.    As the plaintiffs have performed their contract as to the 11 volumes of the work which have been delivered to the defendant, and which are the subject of controversy in this action, I am of the opinion that the judgment must be reversed, and a new trial ordered, with costs and disbursements.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

FREEDMAN, P. J., concurs.

MacLEAN, J. (concurring).    I concur in the result because of the subscription to the deftly drawn agreement with its ingenuous postscript, likewise subscribed; subscription presumably in the law made with knowledge of what was above, despite the fact, shown in court again and again since a learned chief justice learned to his large cost that he had subscribed a more aggravating undertaking— the fact that such subscriptions are quite commonly made without scrutiny of the letterpress above.    Quite true it may be that the volumes do not contain what would be sought under their pretentious title, or after the representations of the pawky book agent, but that disappointment may not be considered in the absence of allegation of fraud, deceit, misrepresentation, or mistake.